IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CORRADO & SONS, INC.** : CIVIL ACTION
:
v. : NO. 07-4017
:
**D. R. HORTON, INC.** :

## MEMORANDUM AND ORDER

Tucker, J. September ___, 2009

Presently before this Court is Defendant's Motion for Partial Summary Judgment (Doc. 28) and all responses thereto. For the following reasons, Defendant's Motion is denied.

### I. BACKGROUND

Defendant, D.R. Horton ("Horton") is the developer of a residential housing complex in Conshohocken, Pennsylvania. Horton contracted with Plaintiff Corrado & Sons, Inc. ("Corrado") on March 8, 2006 to construct the complex's brick and calcium silicate masonry unit veneer walls. In May 2007 while work was still ongoing, Horton allegedly observed substantial defects in the buildings' veneers attributable to Corrado's work. Pending investigation, Horton withheld $653,580.00. Corrado alleges that such retainage was permissible under the construction contract. In response, Corrado filed twenty nine state court liens on the property in Montgomery County, PA. Horton then gave Corrado a check for $327,050.00, half the amount being retained and filed a bond to discharge the liens.

While the state court action was still pending, Corrado filed this action, alleging, *inter alia*, violation of the Pennsylvania Contractor and Subcontractor Payment Act ("CASPA"). Corrado specifically alleges Horton failed to provide timely notice of deficiencies and wrongfully

withheld the contract balance in violation of CASPA. Horton has filed a counterclaim to recover additional losses, as the amount being held in retainage is allegedly insufficient to cover the repairs necessary to correct Corrado's deficient work. Horton has now also filed this motion for partial summary judgment, requesting the Court dismiss Corrado's claim under CASPA.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories , and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248. The dispute over a material fact is genuine "if the evidence is such hat a reasonable jury could return a verdict for the nonmoving party. The Court should draw all justifiable inferences in favor of the non-moving party, *Id.* at 255, who only must produce "a mere scintilla of evidence showing a disputed material fact." *Lepore v. Lanvision Systems, Inc.,* 2003 WL 22245097, at *2 (E.D. Pa. July 31, 2003).

## III.  DISCUSSION

Horton argues Corrado's claim under CAPSA must fail because the parties expressly agreed to terms that differ from CAPSA, rendering it inapplicable. Because CASPA governs only "in the absence of a construction contract or in the event that the construction contract does not contain a term governing the terms of payment", 73 P.S. § 505(b), courts have refused to enforce CASPA when parties separately agree on a project's payment mechanism. *See LBL Skysystems v. APG-America, Inc.,* 2005 WL 2140240.  Horton points to a clause in the contract which allegedly permits it withhold up to five percent of the total value of the contract sum for any reason, as

well as additional amounts necessary to cover incurred costs or liabilities for which Corrado may be responsible, without any interest accruing.  Because of these terms, Horton argues it could not have "unreasonabl[y] withheld" payment as Corrado's CASPA claim alleges.  73 P.S. § 509(d).

Corrado, however, disputes the existence of such retainage terms. Corrado alleges that the term Horton relies on is subject to another section of the contract which specifies that the contract was "no retainage." Additionally, Horton had never previously retained any funds during the majority of the of Corrado's work.  Corrado argues this establishes a course of conduct supporting the conclusion that there was no retainage provision contemplated by the parties. If Corrado is correct, then CASPA applies and Horton may have unreasonably withheld payment per 73 P.S. § 509(d).

Because there is a factual dispute regarding the terms of the construction contract, summary judgment is inappropriate in this case. Corrado has provided much more than the "scintilla of evidence" necessary to establish that a fact is genuinely in dispute.  *Lepore,* 2003 WL 22245097, at *2.  Because the outcome of this dispute determines whether the law under which Corrado bring its claim is applicable, the dispute is material to the action.  *Liberty Lobby,* 477 U.S. at 248. Accordingly, Defendant's motion is denied.  An appropriate Order follows.