IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORRADO & SONS, INC.,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-4017 |
| **D.R. HORTON, INC. - NEW JERSEY,** : | |
| Defendant. : | |

## MEMORANDUM OPINION

Tucker, J.                                                                                              November ___, 2009

Presently before this Court is Plaintiff's Motion to Mold the Verdict Pursuant to CASPA (Doc. 76). For the reasons stated below, this Court will grant Plaintiff's Motion.

## FACTUAL BACKGROUND

On or about March 8, 2006, Plaintiff Corrado & Sons, Inc. and Defendant D.R. Horton, Inc. - New Jersey entered into a contract valued at over four million dollars relating to the construction of a three-building residential housing complex in Conshohocken, Pennsylvania.

In October 2007, Plaintiff filed an action in the Eastern District of Pennsylvania alleging that Defendant breached the March 2006 contract when it failed to make scheduled payments. In response, Defendant asserted that it withheld payment because of Plaintiff's deficient performance.

This matter was tried before a jury beginning on October 5, 2009. The jury returned a verdict in favor of Plaintiff on October 14, 2009. Specifically, the jury found that Defendant withheld payment in the amount of three hundred thirty-eight thousand, one hundred thirty dollars ($338,130.00), Plaintiff did not breach the contract by performing deficient or incomplete work, Defendant failed to notify Plaintiff orally or in writing within seven (7) days of invoice receipt that

there were alleged deficiencies, and that Defendant's withholding of payment was not made in good faith.

Pursuant to the Pennsylvania Contractor and Subcontractor Payment Act ("CASPA"), Plaintiff now seeks to mold the jury verdict to include interest and penalties, and attorney fees and costs for a total of nine hundred twelve thousand, six hundred twenty-seven dollars and ninety-seven cents ($912,627.97).

## **DISCUSSION**

The essence of the remaining dispute between the parties is the applicability of CASPA to payment for performance under the contract. Defendant argues that contract terms govern payment and render CASPA inapplicable. In contrast, Plaintiff asserts that even where parties have negotiated their own payment terms, CASPA still applies with equal force. This Court agrees.

Pennsylvania Superior Courts have held that whether payments from an owner are timely depends upon the parties' agreement on payment terms. *See John B. Conomos, Inc. v. Sun Co., Inc.*, 831 A.2d 696, 710 n.8 (2003); *see also Joseph F. Capelli & Sons, Inc. v. Keystone Custom Homes, Inc.*, 815 A.2d 643, 646 (Pa. Super. 2003). However, while the contract between the parties outlined the payment terms, CASPA still applies and requires the parties to act in accordance with the agreement.

Here, Defendant failed to remit payment in accordance with the March 2006 agreement. Defendant argues that this was permissible under the contract because the contract explicitly permitted the withholding of payments due to defective work or services, or unsatisfactory performance by Plaintiff, and further asserts that the contract allowed for retainage. Yet, direct testimony at trial indicated that the parties did not agree to retainage. Additionally, the jury found

2

that there was no defective work performed by Plaintiff which could serve as a basis for withholding payment. CASPA also requires that the owner notify the contractor within seven (7) days in order to withhold payment for deficiency items, and the jury determined that Defendant did not provide Plaintiff with such notice, and that consequently, the withholding of payment was not in good faith. The jury verdict clearly indicates that Plaintiff is the substantially prevailing party.

Under CASPA, the fee award to the substantially prevailing party is mandatory. 73 P.S. § 512(b); *see also Moravian Assoc., L.P. v. The Henderson Corp.*, 2008 WL 3562468, 13 (E.D.Pa. Aug. 12, 2008). Section 512(b) provides that where litigation is commenced to recover payment due and it is determined that an owner failed to comply with the payment terms of the act, the court shall award a penalty of 1% per month of the amount that was wrongfully withheld. It further provides that the substantially prevailing party in any litigation to recover payment under CASPA must also be awarded its reasonable attorneys fees, together with expenses, notwithstanding any agreement to the contrary. Defendant contends that Plaintiff's calculations of interest and penalties under CASPA are incorrect, stating both that Plaintiff seeks to apply interest and penalty awards to amounts that the jury did not determine to be wrongfully withheld and that Plaintiff's attorneys fees are unreasonable. This Court finds Defendant's analysis unpersuasive, as Defendant presents no legitimate basis for the Court to depart from Plaintiff's calculations. The amounts owed prior to the commencement of litigation, and the amounts paid and unpaid thereafter, were all clearly indicated through evidence at trial. Amounts that were due and owing prior to the commencement of litigation, but not paid until after litigation began, are late payments for the purposes of CASPA, and interest and penalties thereon are permitted. Moreover, the rate schedule referenced by Defendant in support of its position that Plaintiff's attorneys fees are unreasonable was established in April 2006, nearly four years ago. When calculating a reasonable attorney fee, the current market rate is the rate at the time

3

of the fee petition, not the rate at the time the services were performed. *Lanni v. New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001). Consequently, the Court finds that Plaintiff's current rates accurately reflect current market rates, and will not adjust Plaintiff's calculation.

Despite Defendant's arguments, this Court agrees with Plaintiff that CASPA is intended to provide a procedural basis for a level playing field between the parties, such that its protections cannot be deemed to become moot simply because a time for payment exists in the contract in question. Rather, CASPA exists to encourage fair dealing between parties, and therefore, applies whether or not parties have negotiated terms for billing and payment. For these reasons, this Court will grant Plaintiff's motion to mold the final judgment amount to reflect interest, penalties, attorneys fees and expenses as required by CASPA, for a total amount of nine hundred twelve thousand, six hundred twenty-seven dollars and ninety-seven cents ($912,627.97).